DREW, Justice
(concurring specially).
In State ex rel. Fraser v. Gay, 158 Fla. 465, 28 So.2d 901, 903, after discussing the background of Section 5 of Article III of the Constitution of this State, this Court said:
“It therefore' necessarily follows that the intent of Séction 5, of Article III of the Constitution was to preclude members of the legislature from election to or appointment to any civil office that is created or the emoluments thereof increased during the time for which they are elected.” (Emphasis added.)
I cannot agree that the .purpose of Section '5 of Article III “was to preclude members of the legislature from election to or appointment to any civil office that is created or the emoluments thereof increased during the time for which they are elected.” (Emphasis added.) I hold to the view that the purpose was to preclude m.enibers .of.the Legislature from using the sovereign power vested in them by the■ people for their .enrichment or appointment or election to a self created office during their term of 'office. We have held that a raise in the emoluments of such civil office does not prevent a member of the Legislature which provided such increase from being elected to that office if the term for which he was elected does not begin until the day his term as a legislator ends. Davis ex rel. Taylor v. Crawford, 95 Fla. 438, 116 So. 41. See also State ex rel. West v. R. A. Gray, etc., and LeRoy Collins, Fla.* I can see no difference whatever in this situation and one where the law itself prevents self enrichment. The Constitution expressly recognizes the right of a member of the Legislature to be appointed or elected to such civil office during his term— unless during such term the emoluments thereof be increased or the office created. So, the constitutional provision is not concerned with the use of his position to acquire a civil office.
Section 111.01(4), supra, accomplishes exactly what Section 5 of Article III was inserted in the Constitution to accomplish. It places self enrichment beyond the power of any member of the Legislature with reference to this matter, or, as is said in State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 271, 28 So.2d 589, 592 (with reference to the constitutional provision), it precludes the power “to ‘featherbed’ on the public domain”. Such construction does not even remotely repeal or nullify the constitutional provision. On the contrary, such -conclusion gives vitality and meaning and purpose to the words used and is consistent with other provisions of the same instrument.
Much has been said about overruling precedent. Neither this nor any other /Court ha-s ever hesitated to do so when necessary to accomplish true justice and uphold fundamental right or principles. 1 would recede from the holding in- State ex rel. Fraser v. Gay, supra, and recognize *481 the validity of Section 111.01(4), Florida Statutes 1953, F.S.A.

 Petition for writ of mandamus denied, without opinion.